UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JESSICA ROMERO RAMIREZ,

    Petitioner,

v.

NIKITA BAKER,
*in her official capacity as Field Office Director of the Baltimore Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,*
TODD LYONS,
*in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,*
KRISTI NOEM,
*in her official capacity as Secretary of Homeland Security,* and
PAMELA BONDI,
*in her official capacity as Attorney General of the United States,*

    Respondents.

Civil Action No. 25-4086-TDC

**ORDER**

Petitioner Jessica Romero Ramirez ("Romero Ramirez"), who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the Petition, Romero Ramirez seeks release from custody or a bond hearing because she is not properly subjected to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), such that her present detention is an unlawful denial of release on bond, in violation of 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1236.1, 1003.19, and violates her right to due process of law under the Fifth Amendment to the United States Constitution. With their Answer to the Petition, Respondents have filed a Motion to Dismiss. Upon review of the submitted materials, the Court finds that no hearing is necessary.

*See* Rules 1(b), 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be DENIED, and the Petition will be GRANTED.

## DISCUSSION

Romero Ramirez is a citizen of Honduras who entered the United States without inspection on or about November 30, 2012 and has resided in the United States since that date. She has no prior arrests or criminal convictions.

On December 10, 2025, Romero Ramirez was arrested by United States Immigration and Customs Enforcement ("ICE") agents on Kenilworth Avenue in Hyattsville, Maryland. Romero Ramirez was taken into ICE custody and was issued a Notice to Appear for removal proceedings ("NTA") pursuant to section 240 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a. The NTA alleges that Romero Ramirez is an alien present in the United States who was not lawfully admitted after inspection by an immigration officer and lacks a valid visa or entry permit, such that she is subject to removal from the United States pursuant to 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). The NTA further provides that Romero Ramirez is presently scheduled to appear in the Immigration Court in Hyattsville, Maryland on April 24, 2026.

Since her arrest, Romero Ramirez has been detained without a bond hearing. On December 11, 2025, while detained at the ICE Field Office in Baltimore, Maryland, Romero Ramirez filed the present Petition for a Writ of Habeas Corpus with this Court. Romero Ramirez was subsequently transferred to the Richwood Detention Processing Center in Monroe, Louisiana. According to Respondents, Romero Ramirez is subject to mandatory detention pursuant to 8 U.S.C. 1225(b)(2) because she is an inadmissible alien.

## I. Jurisdiction

As a threshold issue, Respondents argue that this Court lacks jurisdiction to review Romero Ramirez's detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). The Court rejected these same arguments in a memorandum opinion issued in a recent case involving a substantially identical claim that the petitioner was unlawfully subjected to mandatory detention under 8 U.S.C. 1225(b)(2). *See* Mem. Op. at 3–8, *Villanueva Funes v. Noem*, No. 25-3860-TDC (D. Md. Jan. 13, 2026), Dkt. No. 13 ("*Villanueva Funes* Mem. Op."). In so ruling, the Court relied in part on its prior analysis of some of these issues in *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 2841886, at *6–7 (D. Md. Oct. 7, 2025), and *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042, at *3–4 (D. Md. Oct. 21, 2025). *Villanueva Funes* Mem. Op. at 6–8. The Court incorporates its analysis of these arguments in *Villanueva Funes*, *Santamaria Orellana*, and *Maldonado* by reference and, based on the same reasoning, rejects Respondents' present arguments that the Court lacks jurisdiction over the Petition pursuant to 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9).

## II. Mandatory Detention

As for the issue of whether Romero Ramirez is unlawfully subjected to mandatory detention under 8 U.S.C. § 1225(b)(2), and whether such detention without a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) violates due process, this Court addressed these same issues in *Villanueva Funes* and *Maldonado* and concluded that the detention of inadmissible noncitizens who were already present in the United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b)(2), and that mandatory detention of such an individual under § 1225(b)(2) violates due process. *See Villanueva Funes* Mem. Op. at 8–9; *Maldonado*, 2025 WL

3

2968042, at *5–10. The Court incorporates its detailed analysis of these issues in *Villanueva Funes* and *Maldonado* by reference.

Here, Romero Ramirez's Petition presents a nearly identical factual situation to that at issue in those cases in that Romero Ramirez has been present in the United States for years, is not subject to mandatory detention based on criminal history, has not attempted to acquire legal entry or status, and was not actively doing so at the time of her detention. Accordingly, for the same reasons discussed in *Maldonado*, the Court concludes that Romero Ramirez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that her current detention can be deemed lawful only under 8 U.S.C. § 1226(a), and that Respondents' detention of Romero Ramirez without a bond hearing before an immigration judge pursuant to § 1226(a) violates her right to due process of law. *See Maldonado*, 2025 WL 2968042, at *5–10.

The Court will therefore deny the Motion to Dismiss and grant the Petition.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Respondents' Motion to Dismiss, ECF No. 9, is DENIED.

2. Romero Ramirez's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

    a. Respondents are enjoined from detaining Romero Ramirez pursuant to 8 U.S.C. § 1225(b).

    b. Respondents shall arrange for Romero Ramirez to receive, within **10 days** of the date of this Order, a bond hearing before an immigration judge, at which she can be represented by her present counsel.

    c. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1, and Respondents shall provide Romero Ramirez with any other process due to her under these provisions.

    d. If Romero Ramirez is not provided with a bond hearing before an immigration judge within **10 days** of the date of this Order, Respondents shall release Romero Ramirez from custody.

4

e. Within **14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Romero Ramirez has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: January 15, 2026

THEODORE D. CHUANG
United States District Judge